UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FRANCISCO JIMENEZ and CESAR JIMENEZ,     :

                            :

          Plaintiffs,           :                   17CV8432

                            :

       - against -            :         COMPLAINT AND
                            :    DEMAND FOR JURY TRIAL

CITY OF NEW ROCHELLE, RICHARD GARGAN,  :
CARLOS JIMENEZ, STEPHEN CORREALE,     :          ECF CASE
RAYMOND BECKLEY, ROBERT MANSFIELD,   :
JUAN TORRES, ALEC McKENNA, "JOHN DOE" #1, :
and "JOHN DOE" #2, All in Their Individual     :
Capacities and in Their Official Capacities,     :

                            :

         Defendants       :
------------------------------------------------------------------x

       Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of the defendants, allege:

## NATURE OF THE ACTION

      1.   This is a civil rights action to redress the defendants' violations of the rights accorded to plaintiffs Francisco Jimenez and Cesar Jimenez by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the First, Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

      2.   Plaintiff Francisco Jimenez is a citizen of the United States who suffers from Tourette syndrome and who, on August 7, 2016, was arrested by defendants Richard Gargan, Carlos Jimenez and Stephen Correale on false charges of Disorderly Conduct and Resisting Arrest, violently forced to the ground and assaulted, and pushed into the glass door of a nearby store.  On numerous occasions since filing a Notice of Claim based on that incident with the Law Department of the City of New Rochelle, officers from the New Rochelle Police Department have followed plaintiff

Francisco Jimenez, stopped his vehicle, issued traffic tickets to him, placed his residence under surveillance, and attempted to enter his residence without a warrant, all in attempts to punish the plaintiff for seeking a redress of his grievances, to  intimidate him, and to cause him emotional distress.

3.  Plaintiff Cesar Jimenez is a citizen of the United States who, on August 7, 2016, was recording the assault of his brother, plaintiff Francisco Jimenez, by New Rochelle police officers on a cell phone when he was chased from the scene by defendant Raymond Beckley, seized and forced to the ground by defendants Raymond Beckley and Robert Mansfield, arrested on a false charge of Disorderly Conduct, handcuffed and transported to the New Rochelle Police Department, where he was imprisoned until he was released on bail.  On August 12, 2017, the charge of Disorderly Conduct was adjourned in contemplation of dismissal.

4.  The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

5.  Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violations of the constitutional and civil rights of the plaintiffs, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Richard Gargan, Carlos Jimenez, Stephen

Correale, Raymond Beckley, Robert Mansfield, Juan Torres and Alec McKenna can be found within the Southern District of New York, and defendant City of New Rochelle is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

7.   Plaintiff Francisco Jimenez is a citizen of the Untied States who resides in the City of New Rochelle, County of Westchester, State of New York.

8.   Plaintiff Francisco Jimenez suffers from a disorder known as Tourette syndrome, which is characterized by involuntary movements and vocalizations consisting of loud sounds, shouting, and cursing.

9.   Plaintiff Cesar Jimenez is a citizen of the Untied States who resides in the City of New Rochelle, County of Westchester, City and State of New York.

10.   Defendant City of New Rochelle is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

11.   At all times relevant herein, defendant City of New Rochelle maintained a police department.

12.   Defendant Richard Gargan is a natural person who, at all times relevant herein, was employed by defendant City of New Rochelle as a police officer.

13.   At all times relevant herein, defendant Richard Gargan was acting within the scope of his employment by defendant City of New Rochelle.

14.   Defendant Carlos Jimenez is a natural person who, at all times relevant herein, was employed by defendant City of New Rochelle as a police officer.

15. At all times relevant herein, defendant Carlos Jimenez was acting within the scope of his employment by defendant City of New Rochelle.

16. Defendant Stephen Correale is a natural person who, at all times relevant herein, was employed by defendant City of New Rochelle as a police officer.

17. At all times relevant herein, defendant Stephen Correale was acting within the scope of his employment by defendant City of New Rochelle.

18. Defendant Raymond Beckley is a natural person who, at all times relevant herein, was employed by defendant City of New Rochelle as a police officer.

19. At all times relevant herein, defendant Raymond Beckley was acting within the scope of his employment by defendant City of New Rochelle.

20. Defendant Robert Mansfield is a natural person who, at all times relevant herein, was employed by defendant City of New Rochelle as a police officer.

21. At all times relevant herein, defendant Robert Mansfield was acting within the scope of his employment by defendant City of New Rochelle.

22. Defendant Juan Torres is a natural person who, at all times relevant herein, was employed by defendant City of New Rochelle as a police officer.

23. At all times relevant herein, defendant Juan Torres was acting within the scope of his employment by defendant City of New Rochelle.

24. Defendant Alec McKenna is a natural person who, at all times relevant herein, was employed by defendant City of New Rochelle as a police officer.

25. At all times relevant herein, defendant Alec McKenna was acting within the scope of his employment by defendant City of New Rochelle.

26. Defendants "John Doe" #1 and "John Doe" #2 are natural person who, at all times relevant herein, were employed by defendant City of New Rochelle as police officers.

27. At all times relevant herein, defendants "John Doe" #1 and "John Doe" #2 were acting within the scope of their employment by defendant City of New Rochelle.

## NOTICES OF CLAIM

28. On October 28, 2016, and within 90 days of the accrual of his state tort causes of action herein, plaintiff Francisco Jimenez served on the Law Department of the City of New Rochelle a Notice of Claim setting forth the time when, the place where and the manner in which his state tort claims arose.

29. More than thirty days have elapsed since plaintiff Francisco Jimenez' Notice of Claim was served upon defendant City of New Rochelle and said defendant has neglected and/or refused to make an adjustment or payment.

30. On October 28, 2016, and within 90 days of the accrual of his causes of action herein, plaintiff Cesar Jimenez served on the Law Department of the City of New Rochelle a Notice of Claim setting forth the time when, the place where and the manner in which his state tort claims arose.

31. More than thirty days have elapsed since plaintiff Cesar Jimenez' Notice of Claim was served upon defendant City of New Rochelle and said defendant has neglected and/or refused to make an adjustment or payment

## STATEMENT OF CLAIMS

### The Assault on and Arrest of Plaintiff Francisco Jimenez on August 7, 2016

32. Plaintiffs incorporate by reference paragraphs 1 through 31 of this complaint as though the same were set forth fully herein.

33.   On August 7, 2016, on North Avenue, between Lawn Avenue and Burling Lane, in the City of New Rochelle, State of New York, plaintiffs Francisco Jimenez and Cesar Jimenez crossed the street with the intent of leaving the area at the direction of New Rochelle police officers.

34.   As he was crossing the street, plaintiff Francisco Jimenez uttered involuntary sounds and words.

35.   The sounds and words uttered by plaintiff Francisco Jimenez as he crossed the street were due to Tourette's syndrome.

36.   Plaintiff Francisco Jimenez did not direct a profanity at any police officer or any other individual.

37.   After plaintiffs Francisco Jimenez and Cesar Jimenez reached the sidewalk after crossing North Avenue at the direction of New Rochelle police officers, defendants Richard Gargan, Carlos Jimenez and Stephen Correale seized plaintiff Francisco Jimenez and forced him to the ground.

38.   Upon information and belief, defendant Raymond Beckley assisted defendants Richard Gargan, Carlos Jimenez and Stephen Correale and in forcing plaintiff Francisco Jimenez to the ground.

39.   As a result of the acts of defendants Richard Gargan, Carlos Jimenez and Stephen Correale, plaintiff Francisco Jimenez suffered involuntary Tourette tics.

40.   Upon information and belief, at least one individual informed the defendants that plaintiff Francisco Jimenez suffers from Tourette syndrome.

41.   Defendant Richard Gargan sprayed pepper spray into plaintiff Francisco Jimenez' face.

42.   Defendants Carlos Jimenez and Stephen Correale forcibly placed handcuffs on plaintiff Francisco Jimenez' wrists.

43.   One of the individual defendants kicked plaintiff Francisco Jimenez in the head after his hands had been handcuffed behind his back.

44.   One of the individual defendants kneed the plaintiff Francisco Jimenez in the back after his hands had been handcuffed behind his back.

45.   Defendants Richard Gargan, Carlos Jimenez and Stephen Correale manipulated plaintiff Francisco Jimenez' left shoulder, causing injury to plaintiff Francisco Jimenez' left shoulder.

46.   Defendants Richard Gargan, Carlos Jimenez and Stephen Correale arrested plaintiff Francisco Jimenez on charges of Disorderly Conduct and Resisting Arrest.

47.   Defendants Richard Gargan, Carlos Jimenez and Stephen Correale and did not have a warrant or other legal process authorizing the arrest of plaintiff Francisco Jimenez.

48.   The charges upon which defendants Richard Gargan, Carlos Jimenez and Stephen Correale arrested plaintiff Francisco Jimenez were false.

49.   As defendant Carlos Jimenez walked plaintiff Francisco Jimenez along a sidewalk, defendant Carlos Jimenez pushed plaintiff Francisco Jimenez into a glass door, causing further injury to plaintiff Francisco Jimenez.

50.   Defendant Carlos Jimenez transported plaintiff Francisco Jimenez to the New Rochelle Police Department headquarters, where the plaintiff was required to sit in the rear seat of the police vehicle with his hands cuffed behind his back and the windows closed in the summer heat.

51.   Plaintiff Francisco Jimenez was subsequently transported to Montefiore New Rochelle Hospital, where he was treated briefly for injuries to his elbows and nasal bridge resulting

from the crash through the glass door.

52.   Plaintiff Francisco Jimenez was then returned to the New Rochelle Police Department headquarters, where he was imprisoned for several hours.

53.   Plaintiff Francisco Jimenez was subsequently released from custody when bail in the sum of $500.00 was posted for his release.

54.   As a result of the conduct of defendants Richard Gargan, Carlos Jimenez and Stephen Correale, plaintiff Francisco Jimenez sustained  injuries to his left shoulder, left elbow, right elbow, right forearm and nose.

55.   Plaintiff Francisco Jimenez was required to undergo surgery for repair of the injuries to his left shoulder.

56.   Plaintiff Francisco Jimenez has incurred medical expenses for the treatment of injures sustained as a result of the assault by defendants which, upon information and belief, exceed $20,000.00.

**The Assault on and Arrest of Plaintiff Cesar Jimenez on August 7, 2016**

57.   When defendants Richard Gargan, Carlos Jimenez and Stephen Correale began to assault plaintiff Francisco Jimenez, his brother, plaintiff Cesar Jimenez, began to record the assault with his cell phone.

58.   As plaintiff Cesar Jimenez was recording the assault on his brother, Francisco Jimenez, a police officer believed to be defendant Raymond Beckley approached plaintiff Cesar Jimenez in a menacing manner, forcing plaintiff Cesar Jimenez to back away and off the sidewalk into the street.

59.   Fearing for his safety in light of the police attack on his brother, plaintiff Cesar Jimenez left the scene.

60. Defendant Raymond Beckley pursued plaintiff Cesar Jimenez.

61. A police officer believed to be defendant Robert Mansfield also pursued plaintiff Cesar Jimenez.

62. Defendant Robert Mansfield and/or defendant Raymond Beckley tackled plaintiff Cesar Jimenez to the ground.

63. Defendants Raymond Beckley and Robert Mansfield arrested plaintiff Cesar Jimenez on a false charge of Disorderly Conduct.

64. Defendants Raymond Beckley and Robert Mansfield did not have a warrant or other legal process authorizing the arrest of plaintiff Francisco Jimenez.

65. A police officer believed to be defendant Robert Mansfield handcuffed plaintiff Cesar Jimenez.

66. Plaintiff Cesar Jimenez was placed in a police vehicle and transported to the New Rochelle Police Department headquarters, where he was imprisoned until his release on bail.

67. On August 12, 2016, the charge against plaintiff Cesar Jimenez was adjourned in contemplation of dismissal.

**The Harassment of Plaintiff Francisco Jimenez in Retaliation for Filing a Notice of Claim**

68. On numerous occasions since serving a Notice of Claim on defendant City of New Rochelle on October 28, 2016, plaintiff Francisco Jimenez has been subjected to surveillance and unwanted contact by police officers from the New Rochelle Police Department. The following incidents are examples of the surveillance and unwanted contact:

69. Since October 28, 2016. police cars of the New Rochelle Police Department have repeatedly driven past plaintiff Francisco Jimenez' home.

70. On numerous occasions since October 28, 2016, plaintiff Francisco Jimenez has been followed by police officers of the New Rochelle Police Department while operating a family motor vehicle.

71. On numerous occasions since October 28, 2016, plaintiff Francisco Jimenez has been stopped while operating the same family motor vehicle by police officers of the New Rochelle Police Department.

72. On numerous occasions, other members of plaintiff Francisco Jimenez' family have been followed or stopped while driving the same motor vehicle by police officers of the New Rochelle Police Department, who have apologized for stopping the vehicle after determining that plaintiff Francisco Jimenez was not the driver.

73. On March 2, 2017, defendant Juan Torres stopped plaintiff Francisco Jimenez and issued three traffic tickets to plaintiff Francisco Jimenez.

74. On June 3, 2017, a police officer from the New Rochelle Police Department whose identity is presently unknown to the plaintiffs stopped plaintiff Francisco Jimenez while he was operating the family motor vehicle and issued him a summons for failing to signal a turn.

75. On August 15, 2017, defendant Alec McKenna, assisted by defendant "John Doe" #1 entered the porch of plaintiff Francisco Jimenez' home and, when the plaintiff retreated inside his home, attempted to force his way into the plaintiff's home, although defendant Alec McKenna lacked a warrant or other legal process authorizing entry into plaintiff Francisco Jimenez' home or his arrest.

76. On September 1, 2017, police officer defendant "John Doe" #2 stationed himself at a hedge separating the front yard of plaintiff Francisco Jimenez' home from the public sidewalk, in

apparent surveillance of the plaintiff, and attempted to coax plaintiff Francisco Jimenez from the front yard to the sidewalk.

77.  On October 3, 2017, plaintiff Francisco Jimenez appeared at the office of the Law Department of the City of New Rochelle to testify at a hearing conducted by the Law Department pursuant to §50-h of the General Municipal Law of the State of New York.

78.  On two occasions between October 3, 2017 and October 7, 2017, plaintiff Francisco Jimenez' mother was followed by New Rochelle police officers while driving the family vehicle sometimes operated by plaintiff Francisco Jimenez.  On each occasion, upon discovering that a woman was driving the car, the police officer stopped following the vehicle.

79.  On October 8, 2017, defendant Alec McKenna issued to plaintiff Francisco Jimenez a summons for an alleged traffic offense.

80.  Upon information and belief, the foregoing activities of police officers of the New Rochelle Police Department have been committed for the purpose of punishing plaintiff Francisco Jimenez for serving a Notice of Claim based on the actions of New Rochelle police officers on August 6, 2016.

81.  Upon information and belief, the foregoing activities of police officers of the New Rochelle Police Department have been committed for the purpose of intimidating plaintiff Francisco Jimenez from filing a complaint in a civil lawsuit against the police officers involved in his arrest on August 7, 2016.

82.  As a result of the foregoing, plaintiff Francisco Jimenez suffers fear that he is in physical danger from New Rochelle police officers wishing to punish him for filing a claim and to prevent him from filing suit against the police officers who arrested him on August 7, 2016, or from filing a complaint with any government agency.

## COUNT ONE ON BEHALF OF FRANCISCO JIMENEZ
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

83.   Plaintiffs incorporate by reference paragraphs 1 through 82 of this Complaint as though the same were set forth fully herein.

84.   The seizure, arrest and imprisonment of plaintiff Francisco Jimenez on August 7, 2016, were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

85.   The charges upon which defendants Richard Gargan, Carlos Jimenez and Stephen Correale arrested plaintiff Francisco Jimenez were false.

86.   The charges were made by defendants Richard Gargan, Carlos Jimenez and Stephen Correale against plaintiff Francisco Jimenez with knowledge that they were false.

87.   Plaintiff Francisco Jimenez was aware of his seizure, arrest and imprisonment by defendants Richard Gargan, Carlos Jimenez and Stephen Correale.

88.   Plaintiff Francisco Jimenez did not consent to his seizure, arrest or imprisonment.

89.   Defendants Carlos Jimenez and Stephen Correale acted in concert with defendant Richard Gargan in the unconstitutional arrest of plaintiff Francisco Jimenez and/or could have intervened to stop the arrest.

90.   As a result of the foregoing, plaintiff Francisco Jimenez was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

91.   The seizure, arrest and imprisonment of plaintiff Francisco Jimenez by defendants Richard Gargan, Carlos Jimenez and Stephen Correale on August 7, 2016, deprived the plaintiff of

his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

92. Defendants Richard Gargan, Carlos Jimenez and Stephen Correale were acting under color of state law when they seized, arrested and imprisoned plaintiff Francisco Jimenez.

93. Defendants Richard Gargan, Carlos Jimenez and Stephen Correale deprived plaintiff Francisco Jimenez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Francisco Jimenez on false criminal charges.

## COUNT TWO ON BEHALF OF FRANCISCO JIMENEZ
### USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

94. Plaintiffs incorporate by reference paragraphs 1 through 93 of this complaint as though the same were set forth fully herein.

95. Defendants Richard Gargan, Carlos Jimenez and Stephen Correale used excessive and unreasonable force against plaintiff Francisco Jimenez.

96. The level of force used by defendants Richard Gargan, Carlos Jimenez and Stephen Correale against plaintiff Francisco Jimenez was objectively unreasonable.

97. Defendants Richard Gargan, Carlos Jimenez and Stephen Correale acted in concert in the use of excessive force against plaintiff Francisco Jimenez and/or could have intervened to stop the use of excessive force..

98. The use of excessive force by defendants Richard Gargan, Carlos Jimenez and Stephen Correale deprived plaintiff Francisco Jimenez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the

Constitution of the United States.

99. Defendants Richard Gargan, Carlos Jimenez and Stephen Correale were acting under color of state law when they used excessive force against plaintiff Francisco Jimenez.

100. Defendants Richard Gargan, Carlos Jimenez and Stephen Correale deprived plaintiff Francisco Jimenez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

101. As a result of the defendants' use of excessive force, plaintiff Francisco Jimenez sustained physical injuries to his left shoulder, left elbow, right elbow and nose.

102. As a result of the defendants' use of excessive force, plaintiff Francisco Jimenez experienced pain, physical and emotional distress, hardship and anxiety, and incurred medical expenses which, upon information and belief, exceed $20,000.00.

## COUNT THREE ON BEHALF OF PLAINTIFF FRANCISCO JIMENEZ RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS UNDER 42 U.S.C. §1983

103. Plaintiffs incorporate by reference paragraphs 1 through 102 of this Complaint as though the same were set forth fully herein.

104. The Notice of Claim served by plaintiff Francisco Jimenez on defendant City of New Rochelle constituted a petition to the government for a redress of grievances.

105. Upon information and belief, defendants Richard Gargan, Carlos Jimenez, Stephen Correale, Raymond Beckley, Robert Mansfield, Juan Torres, Alec McKenna and other police officers employed by the City of New Rochelle have subjected plaintiff Francisco Jimenez, to surveillance

and acts of harassment to punish him for exercising his right to petition the government for a redress of grievances by filing a Notice of Claim.

106.   As a result of the foregoing, plaintiff Francisco Jimenez has suffered fear of physical injury, intimidation, embarrassment, humiliation and extreme emotional distress,

## COUNT FOUR ON BEHALF OF FRANCISCO JIMENEZ
## UNREASONABLE SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. §1983

107.   Plaintiffs incorporate by reference paragraphs 1 through 106 of this complaint as though the same were set forth fully herein.

108.   Defendants Alec McKenna and "John Doe" #1 lacked a search warrant or other legal process authorizing their entry into the residence of plaintiff Francisco Jimenez on August 15, 2017.

109.   The entry onto the porch of plaintiff Francisco Jimenez' residence and attempted forcible entry into the residence of plaintiff Francisco Jimenez by defendants Alec McKenna and "John Doe" #1 on August 15, 2017 deprived plaintiff Francisco Jimenez of his right to be secure in his person and house against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

110.   Defendant "John Doe" #1 could have intervened to prevent defendant Alec McKenna from attempting to force his way into plaintiff Francisco Jimenez' residence without a warrant but failed to do so.

111.   Defendants Alec McKenna and "John Doe" #1 were acting under color of state law when they entered the porch of the residence of plaintiff Francisco Jimenez without a search warrant or other legal process authorizing their entry into the residence.

112.  Defendant Alec McKenna was acting under color of state law when he attempted forcibly to enter the residence of plaintiff Francisco Jimenez without a search warrant or other legal process authorizing his entry into the residence.

113.  Defendants Alec McKenna and "John Doe" #1 deprived plaintiff Francisco Jimenez of his right to be secure in his person and house against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by entering the porch of the plaintiff's residence and by forcibly attempting to enter the interior of the house.

114.  As a result of the foregoing, plaintiff Francisco Jimenez suffered emotional distress and intimidation.

### COUNT FIVE ON BEHALF OF FRANCISCO JIMENEZ MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

115.  Plaintiffs incorporate by reference paragraphs 1 through 114 of this Complaint as though the same were set forth fully herein.

116.  Upon information and belief, at all times relevant herein, defendant City of New Rochelle was aware from Notices of Claim, from lawsuits, from claims filed with the New Rochelle Police Department, and from the New Rochelle Police Department's own observations, that defendants Richard Gargan, Carlos Jimenez, Stephen Correale, Raymond Beckley, Robert Mansfield, Juan Torres, Alec McKenna, "John Doe" #1 and "John Doe" #2 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

117.  Upon information and belief, defendant City of New Rochelle failed adequately to investigate prior complaints against these officers.

118.  The failure of defendant City of New Rochelle properly to take remedial action to

train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

119. Nevertheless, defendant City of New Rochelle exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

120. Defendant City of New Rochelle knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Francisco Jimenez would be violated.

121. Defendant City of New Rochelle implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Francisco Jimenez.

122. Defendant City of New Rochelle was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

123. Defendant City of New Rochelle deprived plaintiff Francisco Jimenez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which

resulted in the arrest, subjection to excessive physical force and imprisonment of, and the campaign of retaliation and intimidation against, plaintiff Francisco Jimenez.

124.   The aforesaid conduct of defendant City of New Rochelle violated plaintiff Francisco Jimenez' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

### COUNT SIX ON BEHALF OF FRANCISCO JIMENEZ
### COMMON LAW ASSAULT AND BATTERY

125.   Plaintiffs incorporate by reference paragraphs 1 through 124 of this Complaint as though the same were set forth fully herein.

126. Defendants Richard Gargan, Carlos Jimenez, Stephen Correale and the City of New Rochelle committed an assault and battery on the person of plaintiff Francisco Jimenez by physically seizing him and forcing him to the ground.

127.   As a result of the foregoing, plaintiff Francisco Jimenez was injured.

128.   As a result of the foregoing, plaintiff Francisco Jimenez experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT SEVEN ON BEHALF OF FRANCISCO JIMENEZ
### COMMON LAW ASSAULT AND BATTERY

129.   Plaintiffs incorporate by reference paragraphs 1 through 128 of this Complaint as though the same were set forth fully herein.

130. Defendants Richard Gargan and the City of New Rochelle committed an assault and battery on the person of plaintiff Francisco Jimenez by spraying pepper spray into the plaintiff's face.

131.   As a result of the foregoing, plaintiff Francisco Jimenez was injured.

132. As a result of the foregoing, plaintiff Francisco Jimenez experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT EIGHT ON BEHALF OF FRANCISCO JIMENEZ
### COMMON LAW ASSAULT AND BATTERY

133. Plaintiffs incorporate by reference paragraphs 1 through 132 of this Complaint as though the same were set forth fully herein.

134. Defendants Carlos Jimenez, Stephen Correale and the City of New Rochelle committed an assault and battery on the person of plaintiff Francisco Jimenez by placing handcuffs on his wrists.

135. As a result of the foregoing, plaintiff Francisco Jimenez was injured.

136. As a result of the foregoing, plaintiff Francisco Jimenez experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT NINE ON BEHALF OF FRANCISCO JIMENEZ
### COMMON LAW ASSAULT AND BATTERY

137. Plaintiffs incorporate by reference paragraphs 1 through 136 of this Complaint as though the same were set forth fully herein.

138. Defendants Richard Gargan, Carlos Jimenez, Stephen Correale and the City of New Rochelle committed a battery on the person of plaintiff Francisco Jimenez by kicking the plaintiff in the head.

139. As a result of the foregoing, plaintiff Francisco Jimenez was injured.

140. As a result of the foregoing, plaintiff Francisco Jimenez experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT TEN ON BEHALF OF FRANCISCO JIMENEZ
## COMMON LAW ASSAULT AND BATTERY

141.  Plaintiffs incorporate by reference paragraphs 1 through 140 of this Complaint as though the same were set forth fully herein.

142.  Defendants Richard Gargan, Carlos Jimenez, Stephen Correale and the City of New Rochelle committed a battery on the person of plaintiff Francisco Jimenez by kneeing him in the back.

143.  As a result of the foregoing, plaintiff Francisco Jimenez was injured.

144.  As a result of the foregoing, plaintiff Francisco Jimenez experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT ELEVEN ON BEHALF OF FRANCISCO JIMENEZ
## COMMON LAW ASSAULT AND BATTERY

145.  Plaintiffs incorporate by reference paragraphs 1 through 144 of this Complaint as though the same were set forth fully herein.

146.  Defendants Richard Gargan, Carlos Jimenez, Stephen Correale and the City of New Rochelle committed an assault and battery on the person of plaintiff Francisco Jimenez by manipulating the plaintiff's left shoulder.

147.  As a result of the foregoing, plaintiff Francisco Jimenez was injured.

148.  As a result of the foregoing, plaintiff Francisco Jimenez experienced pain, physical and emotional distress, hardship and anxiety.

149.  As a result of the foregoing, plaintiff Francisco Jimenez sustained a serious injury to his shoulder, including internal derangement of the shoulder, which required surgery to repair.

**COUNT TWELVE ON BEHALF OF FRANCISCO JIMENEZ**
**COMMON LAW ASSAULT AND BATTERY**

150.  Plaintiffs incorporate by reference paragraphs 1 through 149 of this Complaint as though the same were set forth fully herein.

151.  Defendant Carlos Jimenez and the City of New Rochelle committed an assault and battery on plaintiff Francisco Jimenez by pushing plaintiff Francisco Jimenez into a glass door.

152.  As a result of the foregoing, plaintiff Francisco Jimenez sustained additional physical injuries, including abrasions to his elbows, resulting in a substantial amount of bleeding.

**COUNT THIRTEEN ON BEHALF OF FRANCISCO JIMENEZ**
**COMMON LAW FALSE IMPRISONMENT**

153.  Plaintiff incorporates by reference paragraphs 1 through 152 of this Complaint as though the same were set forth fully herein.

154.  Defendants Richard Gargan, Carlos Jimenez, Stephen Correale and the City of New Rochelle falsely arrested and imprisoned plaintiff Francisco Jimenez by seizing, detaining, arresting and imprisoning him on false criminal charges.

155.  As a result of the foregoing, plaintiff Francisco Jimenez was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

**COUNT FOURTEEN ON BEHALF OF CESAR JIMENEZ**
**FALSE IMPRISONMENT UNDER TO 42 U.S.C. §1093**

156.  Plaintiffs incorporate by reference paragraphs 1 through 155 of this Complaint as though the same were set forth fully herein.

157.  The seizure, arrest and imprisonment of plaintiff Cesar Jimenez on August 7, 2016, were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

158.   The charge upon which defendants Raymond Beckley and Robert Mansfield arrested plaintiff Cesar Jimenez was false.

159.   The charge was made by defendants Raymond Beckley and Robert Mansfield against plaintiff Francisco Jimenez with knowledge that it was false.

160.   Plaintiff Cesar Jimenez was aware of his seizure, arrest and imprisonment by defendants Raymond Beckley and Robert Mansfield.

161.   Plaintiff Cesar Jimenez did not consent to his seizure, arrest or imprisonment.

162.   Defendant Robert Mansfield acted in concert with defendant Raymond Beckley in the unconstitutional arrest of plaintiff Cesar Jimenez and/or could have intervened to stop the arrest.

163.   As a result of the foregoing, plaintiff Cesar Jimenez was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

164.   The seizure, arrest and imprisonment of plaintiff Cesar Jimenez by defendants Raymond Beckley and Robert Mansfield on August 7, 2016, deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

165.   Defendants Raymond Beckley and Robert Mansfield were acting under color of state law when they seized, arrested and imprisoned plaintiff Cesar Jimenez.

166.   Defendants Raymond Beckley and Robert Mansfield deprived plaintiff Cesar Jimenez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Cesar Jimenez on false criminal charges.

## COUNT FIFTEEN ON BEHALF OF CESAR JIMENEZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

167.  Plaintiffs incorporate by reference paragraphs 1 through 166 of this Complaint as though the same were set forth fully herein.

168.  The failure of defendant City of New Rochelle properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

169.  Defendant City of New Rochelle knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Cesar Jimenez would be violated.

170.  Defendant City of New Rochelle implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Cesar Jimenez.

171.  Defendant City of New Rochelle was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

172.  Defendant City of New Rochelle deprived plaintiff Cesar Jimenez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing

adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SIXTEEN ON BEHALF OF CESAR JIMENEZ
## COMMON LAW ASSAULT AND BATTERY

173.  Plaintiffs incorporate by reference paragraphs 1 through 172 of this Complaint as though the same were set forth fully herein.

174.  Defendants Robert Mansfield and the City of New Rochelle committed an assault and battery on the person of plaintiff Cesar Jimenez by tackling him and forcing him to the ground.

175.  As a result of the foregoing, plaintiff Cesar Jimenez experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT SEVENTEEN ON BEHALF OF CESAR JIMENEZ
## COMMON LAW ASSAULT AND BATTERY

176.  Plaintiffs incorporate by reference paragraphs 1 through 175 of this Complaint as though the same were set forth fully herein.

177.  Defendant Raymond Beckley and/or defendant Robert Mansfield and the City of New Rochelle committed an assault and battery on the person of plaintiff Cesar Jimenez by handcuffing the plaintiff's wrists.

178.  As a result of the foregoing, plaintiff Cesar Jimenez experienced pain, physical and emotional distress, hardship and anxiety.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs Francisco Jimenez and Cesar Jimenez respectfully request that this Court grant the following relief:

A.  Award each plaintiff compensatory damages to be determined by the jury at the time of trial;

B.  Award each plaintiff punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by her Complaint.

Dated: New York, New York
        November 1, 2017

MICHELSTEIN & ASSOCIATES, PLLC

By:_____/s_____
            Eugene M. Bellin (EB0722)
        Attorneys for Plaintiffs
        485 Madison Avenue - Suite 1600
        New York, New York 10022
        malaw485@yahoo.com
        (212) 588-0880